1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9        **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   ESTATE OF ORLANDO URIAS, et al.,          Case No. 24-cv-1050-MMA-LR
12                              Plaintiffs,
                                              **ORDER GRANTING IN PART**
13   v.                                       **IMPERIAL COUNTY'S MOTION**
                                              **TO DISMISS**
14   IMPERIAL COUNTY, et al.,
15                              Defendants.    [Doc. No. 4]
16
17
18
19
20
21        Plaintiff Kristen Leigh Schmidt ("Plaintiff"), individually and as successor in
22   interest to the Estate of Orlando Urias, brings this civil rights action pursuant to 42
23   U.S.C. § 1983 against Imperial County (the "County") and Does 1 through 10.  Doc.
24   No. 1 ("Compl.").  On July 11, 2024, the County filed a motion to dismiss.  Doc. No. 4.
25   Plaintiff filed a response in opposition to the motion, *see* Doc. No. 6, to which the County
26   replied, *see* Doc. No. 7.  The Court found the motion suitable for disposition on the
27   papers and without oral argument pursuant to Civil Local Rule 7.1.d.1.  Doc. No. 8.  For
28   the reasons set forth below, the Court **GRANTS IN PART** the County's motion.

# I. BACKGROUND[1]

In September 2019, Orlando Urias ("Mr. Urias") entered the Imperial County Regional Adult Detention Facility (the "Facility") as a pretrial detainee. Compl. ¶¶ 10–11. Staff at the Facility knew that Mr. Urias was struggling with drug addiction. *Id.* On April 24, 2023, Mr. Urias consumed a drug that caused him to suffer an overdose. *Id.* ¶ 12. For over an hour, he displayed signs of severe medical distress. *Id.* ¶ 13. But Defendant Does 1–10 failed to perform safety checks, including visual checks at the required frequency and in a way to observe signs of life and distress. *Id.* Eventually, Mr. Urias stopped breathing and another inmate who took notice yelled to Doe 1 to get help. *Id.* ¶ 14. However, Doe 1 failed to immediately summon care. *Id.*

On August 24, 2023, Mr. Urias was transferred from the Facility to the El Centro Regional Medical Center where, on August 28, 2023, he passed away. *Id.* ¶ 5. According to Plaintiff, if the deputies had performed the proper safety checks, they would have discovered that Mr. Urias was in severe medical distress with sufficient time to summon and provide medical care to save his life. *Id.* ¶ 15.

Plaintiff was Mr. Urias' wife, *see id.* ¶ 7, and she brings the following causes of action: (1) as successor in interest, for deliberate indifference in violation of the Fourteenth Amendment against Does 1–10; (2) as an individual, for deprivation of familial relationship in violation of the Fourteenth Amendment against Does 1–10; (3) as an individual, for wrongful death against Does 1–10; (4) as successor in interest, for negligence against Does 1–10; (5) as successor in interest, for violation of the Bane Act, Cal. Civ. Code § 52.1, against the County; and (6) as successor in interest, for failure to summon medical care, Cal. Gov. Code § 845.6, against the County.

---

[1] Because this matter is before the Court on a motion to dismiss, the Court accepts as true the allegations set forth in the Complaint. *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).

## II. LEGAL STANDARD

A Rule[2] 12(b)(6) motion tests the legal sufficiency of the claims made in the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is provided "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 570. The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). A court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122,

---

[2] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

1  1127 (9th Cir. 2000)).  Additionally, a court need not grant leave to amend when

2  permitting a plaintiff to amend would be an exercise in futility.  *See, e.g.*, *Rutman Wine*

3  *Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to

4  amend is not an abuse of discretion where the pleadings before the court demonstrate that

5  further amendment would be futile.").

6  ### III. DISCUSSION

7  The County moves to dismiss Plaintiff's first, second, fifth, and sixth causes of

8  action.  *See* Doc. No. 19.  The County also challenges Plaintiff's pleading against the Doe

9  Defendants.  *Id.*  The Court addresses each claim and argument in turn.

10  **A.     Doe Allegations**

11  The Court begins with the County's arguments regarding Plaintiff's Doe pleading.

12  Plaintiff names Does 1–10 as defendants in this action.  *See, e.g.*, Compl. at 1.[3]

13  According to Plaintiff, these Does "were correctional officers at the [Facility] and

14  employees of Defendant Imperial County . . . ."  *Id.* ¶ 9.  Plaintiff pleads her first four

15  claims against the Does.  According to the County, Plaintiff impermissibly asserts these

16  claims against them based upon collective wrongdoing and fails to plead these claims in

17  an individualized manner.  *See* Doc. No. 4-1 at 7.

18  The Federal Rules of Civil Procedure neither authorize nor prohibit the use of

19  fictitious parties, but Rule 10 does require a plaintiff to include the names of all parties in

20  her complaint.  *See* Fed. R. Civ. P. 10(a).  The use of Doe pleading is generally

21  disfavored in federal court.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

22  However, in circumstances where the identity of the defendants is not known prior to the

23  filing of a complaint, "the plaintiff should be given an opportunity through discovery to

24  identify the unknown defendants, unless it is clear that discovery would not uncover the

25  identities, or that the complaint would be dismissed on other grounds."  *Id.*

26

27

28

---

[3] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

Further, as the County notes, 42 U.S.C. § 1983 is the vehicle for suing individuals acting under color of state law for the deprivation of rights and as such Plaintiff must allege the Does' personal participation in the alleged constitutional violations. *See, e.g.*, *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983."); *see also Iqbal*, 556 U.S. at 677 ("[E]ach government official, his or her title notwithstanding, is only liable for his or her own misconduct.").  Here, the Court agrees that Plaintiff's collective pleading of the actions and inactions of ten Does, *see, e.g.*, Compl. ¶¶ 20 ("Defendants Does 1-10 made an intentional decision to not conduct adequate safety checks of Mr. Urias."), 36 ("Defendants Does 1-10 breached their duty of care by failing to conduct adequate safety checks of Mr. Urias, . . . ."), without setting forth each Doe's personal participation in the alleged misconduct is problematic.  Nonetheless, the Court finds it would be premature to categorically dismiss Plaintiff's claims against the Does for mere failure to identify them by name, or based upon Plaintiff's "group pleading" as opposed to "refer[ing] to [these] unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, . . ." *Keavney v. Cty. of San Diego*, No. 3:19-cv-01947-AJB-BGS, 2020 U.S. Dist. LEXIS 128512, at *9 (S.D. Cal. July 20, 2020) (internal quotation marks and citation omitted).  Rather, the Court will address the sufficiency of Plaintiff's allegations against the Does in support of each claim.  To this extent, the Court **DENIES** the County's motion to dismiss.

**B.    Individual Liability – 42 U.S.C. § 1983**

Plaintiff's first and second claims are for violation of her and Mr. Urias' Fourteenth Amendment rights. *See* Compl. at 4, 5.  She brings her first claim as successor in interest to Mr. Urias' estate for deliberate in difference in violation of Mr. Urias' right to adequate medical care, and her second claim, individually, based upon a violation of her right to familial association.  She brings these claims against Does 1–10 pursuant to 42 U.S.C. § 1983.

1    "Section 1983 creates a private right of action against individuals who, acting

2    under color of state law, violate federal constitutional or statutory rights." *Devereaux*

3    *v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of

4    substantive rights, but merely provides a method for vindicating federal rights elsewhere

5    conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks

6    and citation omitted).  "To establish § 1983 liability, a plaintiff must show both (1) the

7    deprivation of a right secured by the Constitution and laws of the United States, and

8    (2) that the deprivation was committed by a person acting under color of state law." *Tsao*

9    *v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

10    Here, Plaintiff pleads that the Doe Defendants were acting under color of state law

11    during the asserted deprivations of her and Mr. Urias' constitutional rights.  *See* Compl.

12    ¶¶ 9, 21, 27.  In moving to dismiss these claims, the County argues that Plaintiff has not

13    plausibly pleaded a deprivation of her and Mr. Bonin's rights.  *See* Doc. No. 4-1 at 8–9.

14    *1.    Deliberate Indifference to Serious Medical Needs*

15    Plaintiff alleges that the Doe Defendants were deliberately indifferent to Mr. Urias'

16    serious medical needs.  Compl. ¶ 20.  "Inmates who sue prison officials for injuries

17    suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual

18    Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due

19    Process Clause." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir.

20    2016).  "Under both clauses, the plaintiff must show that the prison officials acted with

21    'deliberate indifference.'" *Id.* at 1068.

22    The Eighth Amendment standard provides that a prison official cannot be found

23    liable for denying an inmate humane conditions of confinement "unless the official

24    knows of and disregards an excessive risk to inmate health or safety; the official must

25    both be aware of facts from which the inference could be drawn that a substantial risk of

26    serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S.

27    825, 837 (1994).  The Eighth Amendment therefore calls for a subjective deliberate

28    indifference standard.  However, for pretrial detainees bringing claims under the

Fourteenth Amendment, an objective standard of deliberate indifference applies, which is "more than negligence but less that subjective intent - something akin to reckless disregard." *Castro*, 833 F.3d at 1068–71.

Here, Plaintiff alleges that Mr. Urias was in the County's custody as a pretrial detainee at the time of the asserted constitutional violations. Compl. ¶ 11. Accordingly, the Fourteenth Amendment objective deliberate indifference standard applies to Plaintiff's claim.

In order to state a Fourteenth Amendment deliberate indifference claim, Plaintiff must plead the following:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cnty. of Orange (Gordon I)*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Here, Plaintiff only alleges conduct particular to Doe 1. Compl. ¶ 14. According to Plaintiff,

> Mr. Urias turned purple and stopped breathing in his cell, another inmate ("CW1") in "K-module" took notice and tried to get Defendant Doe 1 to summon immediate medical care by yelling, "Man down! Man down!", "He's purple and not breathing!", and "Hurry! Hurry!" However, Defendant Doe 1 failed to immediately summon needed medical care.

*Id.*

Plaintiff further alleges that Defendants knew Mr. Urias suffered from a substance abuse disorder and knew that detainees had access to controlled substances in the Facility. *Id.* ¶ 18. Plaintiff contends that any reasonable correctional officer would have understood the high degree of risk to Mr. Urias and that Mr. Urias died as a result of the

1  failure to immediately summon medical care. *Id.* ¶¶ 15, 18.  The Court finds that these

2  allegations are sufficient to survive dismissal as to Doe 1.

3        As to the remaining Does' failure to perform safety checks, however, Plaintiff has

4  not adequately pleaded her deliberate indifference claim.  Plaintiff alleges summarily that

5  Does 1–10 failed to perform visual safety checks on Mr. Urias for over an hour despite

6  the fact that Mr. Urias was exhibiting signs of severe medical distress.  Compl. ¶ 13.

7  However, as noted above, a plaintiff in federal court must "allege specific facts showing

8  how each particular doe defendant violated the plaintiff's rights," *Est. of Hernandez*

9  *v. Cnty. of San Diego*, No. 24-cv-00032-DMS-DEB, 2024 U.S. Dist. LEXIS 178087, at

10  *12 (S.D. Cal. Sep. 30, 2024) (internal citation and quotation marks omitted), and

11  Plaintiff's allegations are devoid of any factual support for how each of these Does

12  personally participated in the events leading to Mr. Urias's death.  As a result, Plaintiff

13  fails to state a § 1983 deliberate indifference claim against the Does on this basis.  *Id.*

14  (finding the "general allegations that [the doe defendants] failed to perform proper safety

15  checks" insufficient to state a claim).

16        In opposition, Plaintiff argues that the failure to perform direct-view safety checks

17  violates the Fourteenth Amendment.  Doc. No. 6 at 9–11.  Plaintiff appears to be correct

18  in principle.  *See Gordon v. Cnty. of Orange (Gordon II)*, 6 F.4th 961, 973 (9th Cir. 2021)

19  (holding that "pre-trial detainees do have a right to direct-view safety checks sufficient to

20  determine whether their presentation indicates the need for medical treatment").

21  However, in order to state a claim against the Does based upon this this failure, she must

22  factually allege their personal participation; the summary allegation that all ten Does

23  failed to perform safety checks is not sufficient.  *Est. of Hernandez*, 2024 U.S. Dist.

24  LEXIS 178087, at *12 (collecting cases).  Accordingly, the Court **GRANTS** the

25  County's motion and **DISMISSES** Plaintiff's first claim to this extent.

26        2.    *Familial Association*

27        Plaintiff's second cause of action is for violation of her substantive due process

28  rights under the Fourteenth Amendment based upon the Doe Defendants' alleged

1    deprivation of her right to a familial relationship with Mr. Urias.  Compl. ¶¶ 26, 28.  The

2    Fourteenth Amendment states in relevant part that "[n]o State shall . . . deprive any

3    person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV,

4    § 1.  "The substantive due process right to family integrity or to familial association is

5    well established."  *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1079 (9th Cir. 2011);

6    *Kelson v. City of Springfield*, 767 F.2d 651, 654–55 (9th Cir. 1985) (explaining that "the

7    Supreme Court has repeatedly reaffirmed the existence of a constitutional right to the

8    maintenance of a parent-child relationship" and that "a parent has a constitutionally

9    protected liberty interest in the companionship and society of his or her child"); *James

10   v. Rowlands*, 606 F.3d 646, 651 (9th Cir. 2010) ("The Fourteenth Amendment's Due

11   Process Clause protects parents' well-established liberty interest in the companionship,

12   care, custody, and management of [their] children.") (internal quotation marks and

13   citation omitted).  "[A] parent has a constitutionally protected liberty interest under the

14   Fourteenth Amendment in the companionship and society of his or her child. . . ," *Ochoa

15   v. City of Mesa*, 26 F.4th 1050, 1056 (9th Cir. 2022) (internal citation and quotation

16   marks omitted), and "[a] state may not interfere with this liberty interest," *Rosenbaum*,

17   663 F.3d at 1079 (citing *Kelson*, 767 F.2d at 655).

18          To amount to a violation of substantive due process the harmful conduct must

19   "shock[ ] the conscience" or "offend the community's sense of fair play and decency."

20   *Rosenbaum*, 663 F.3d at 1079 (citing *Rochin v. California*, 342 U.S. 165, 172–73

21   (1952)).  The appropriate test to determine whether a state actor's conduct "shocks the

22   conscience" turns on whether the officers had time to deliberate their conduct.  *Ochoa*, 26

23   F.4th at 1056.  The deliberate indifference test applies if the situation at issue "evolve[d]

24   in a time frame that permits the officer to deliberate before acting."  *Porter v. Osborn*,

25   546 F.3d 1131, 1137 (9th Cir. 2008); *see also Wilkinson v. Torres*, 610 F.3d 546, 554

26   (9th Cir. 2010).  Alternatively, the purpose-to-harm test applies if the situation at issue

27   "escalate[d] so quickly that the officer [had to] make a snap judgment."  *Porter*, 546 F.3d

28   at 1137.

1    The Ninth Circuit has explained that courts are to "apply the deliberate-

2 indifference standard when officials had 'ample time to correct their obviously [wrongful

3 conduct],' such as in Eighth Amendment prisoner-treatment cases . . . ." *Peck v.*

4 *Montoya*, 51 F.4th 877, 893 (9th Cir. 2022) (quoting *Porter*, 546 F.3d at 1139).  Here,

5 Plaintiff pleads that at least one hour passed during which time the Doe Defendants failed

6 to act.  Compl. ¶ 13.  And both parties seem to focus their arguments on deliberate

7 indifference standard.  Doc. No.4-1 at 9; Doc. No. 6 at 12.  The Court therefore considers

8 the sufficiency of Plaintiff's pleading under the deliberate indifference standard.

9    Here, Plaintiff bases her Fourteenth Amendment familial association claim on the

10 Does' alleged failure to perform the visual safety check.  Compl. ¶ 27.  However, as

11 discussed above, she has not adequately pleaded the involvement of, and therefore basis

12 for § 1983 liability against, the Does based upon their asserted failure to perform these

13 safety checks.  As a result, she similarly fails to plead her substantive due process claim

14 against them.  Therefore, the Court **GRANTS** the County's motion and **DISMISSES**

15 Plaintiff's second claim against the Doe Defendants.

16 **C.    Bane Act**

17    Next, the County challenges Plaintiff's fifth cause of action.  Fifth, Plaintiff presses

18 a claim, as successor in interest to Mr. Urias' estate, for violation of the Bane Act, Cal.

19 Gov. Code § 52.1, against the County.  The Bane Act provides a private cause of action

20 against anyone who "interferes by threats, intimidation, or coercion, or attempts to

21 interfere by threats, intimidation, or coercion, with the exercise or enjoyment by an

22 individual or individuals of rights secured by the Constitution or laws of the United

23 States, or laws and rights secured by the Constitution or laws of California."  Cal. Civ.

24 Code § 52.1(a); *see also Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir.

25 2018) (explaining that the Bane Act "protects individuals from conduct aimed at

26 interfering with rights that are secured by federal or state law, where the interference is

27 carried out 'by threats, intimidation or coercion'") (quoting *Venegas v. Cnty. of Los*

28 *Angeles*, 63 Cal. Rptr. 3d 741, 748 (Cal. Ct. App. 2007)).  To state a claim under the

1    Bane Act, the threat, intimidation, or coercion need not be transactionally independent

2    from the constitutional violation, but there must be the specific intent to violate the

3    plaintiff's rights. *Reese*, 888 F.3d at 1043 (quoting *Cornell v. City & Cnty. of San*

4    *Fransisco*, 225 Cal. Rptr. 3d 356, 382–83 (Cal. Ct. App. 2017)); *see also Rodriguez*

5    *v. Cnty. of L.A.*, 891 F.3d 776, 802 (9th Cir. 2018).

6        The County argues that because Plaintiff fails to state a claim for deliberate

7    indifference, her Bane Act claim must also fail. Doc. No. 4-1 at 10. The County also

8    asserts that Plaintiff must allege something more than deliberate indifference to state her

9    claim. *Id.* However, many district courts have recognized that allegations of "a

10    defendant's deliberate indifference to a plaintiff's serious medical needs suffices to state

11    a claim under the Bane Act because of the coercion, or specific intent, inherent in the

12    deliberate indifference standard." *Greer v. Cnty. of San Diego*, No. 3:19-CV-0378-GPC-

13    AGS, 2021 U.S. Dist. LEXIS 29224, at *27 (S.D. Cal. Feb. 16, 2021) (collecting cases).

14    And here, the Court has found that Plaintiff has stated a deliberate indifference claim

15    against Doe 1. Because Plaintiff has sufficiently pleaded a claim for deliberate

16    indifference against a County employee, she has stated her Bane Act claim against the

17    County. *K.T. v. Pittsburg Unified Sch. Dist.*, 219 F. Supp. 3d 970, 982 (N.D. Cal. 2016)

18    ("And because California law permits respondeat superior liability for Bane Act

19    violations, no defendant gets off the hook.") (first citing *Gant v. Cnty. of L.A.*, 772 F.3d

20    608, 623 (9th Cir. 2014); and then citing Cal. Gov. Code § 815.2(a)). Accordingly, the

21    Court **DENIES** the County's motion on this basis.

22    **D.**      **Failure to Summon Medical Care**

23        Lastly, the County moves to dismiss Plaintiff's sixth cause of action, which is for

24    violation of California Government Code § 845.6, and she brings this claim as successor

25    in interest to Mr. Urias' estate against the County. The County challenges the sufficiency

26    of Plaintiff's allegations in support of this claim. *See* Doc. No. 4-1 at 11–12.

27        California Government Code § 845.6 immunizes public entities and public

28    employees from liability for injuries "proximately caused by the failure to furnish or

1    obtain medical care for a prisoner in his custody."  Cal. Gov. Code § 845.6.  However, a

2    narrow exception to this immunity is the one baked into its text:

3

4        but, except as otherwise provided by Sections 855.8 and 856, a public
         employee, and the public entity where the employee is acting within the scope

5        of his employment, is liable if the employee knows or has reason to know that
         the prisoner is in need of immediate medical care and he fails to take

6        reasonable action to summon such medical care.

7

8    *Id.*

9        Pursuant to this exception, a failure to summon medical care claim requires a

10   showing that: (1) "the employee is acting within the scope of his [or her] employment";

11   (2) "the employee knows or has reason to know that the prisoner is in need of immediate

12   medical care"; and (3) "he [or she] fails to take reasonable action to summon such

13   medical care."  *Villarreal v. Cnty. of Monterey*, 254 F. Supp. 3d 1168, 1187 (N.D. Cal.

14   2017).

15       Here, Plaintiff plausibly pleads that Doe 1 failed to summon medical care.  As

16   discussed above, Mr. Urias was in the midst of a medical emergency on April 24, 2023.

17   Compl. ¶ 12.  Plaintiff pleads that another inmate alerted Doe 1 to Mr. Urias' condition,

18   yelling "Man down! Man down!", "He's purple and not breathing!", and "Hurry! Hurry!"

19   *Id.* ¶ 14.  However, according to Plaintiff, Doe 1 did not immediately summon medical

20   care.  *Id.*  In support of her claim, she further contends that "[a]t least one employee"

21   "knew, or had reasons to know, that Orlando Urias needed immediate medical care.

22   Despite the emergency, however, those employees failed to take reasonable action to

23   summon medical care for Mr. Urias."  Compl. ¶ 53.  These allegations plausibly support

24   her contention that Doe 1 knew Mr. Urias was in need of immediate medical care on

25   April 24, 2023, and failed to take reasonable action.  And because Plaintiff plausibly

26   alleges that a County employee failed to summon medical care, she has similarly stated

27   her claim against the County.  Consequently, the Court **DENIES** the County's motion on

28   this basis.

1

## IV. CONCLUSION

2    Based upon the foregoing, the Court **GRANTS IN PART** the County's motion to

3    dismiss.  The Court **DISMISSES** Claims 1 and 2 to the extent discussed above.  The

4    Court **DENIES** the remainder of the County's motion.

5    Dismissal is with leave to amend.  Should Plaintiff wish to file an amended

6    complaint, she must do so on or before **November 27, 2024**.  Defendants may then

7    respond within the time prescribed by Federal Rule of Civil Procedure 15.  Any

8    defendants not named and any claim not realleged in the amended complaint will be

9    considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.,*

10   *Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the

11   original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that

12   claims dismissed with leave to amend which are not re-alleged in an amended pleading

13   may be "considered waived if not repled").

14    **IT IS SO ORDERED**.

15   Dated:  November 5, 2024

16

17    HON. MICHAEL M. ANELLO
    United States District Judge
18

19

20

21

22

23

24

25

26

27

28